IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01721-PAB

ANTONIO N. MANZANARES,

    Applicant,

v.

STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER FOR ANSWER IN PART, DISMISSAL IN PART,
AND STATE COURT RECORD**

---

**I.   BACKGROUND**

Applicant currently is in the custody of the Colorado Department of Corrections and is incarcerated at the Arkansas Valley Facility in Ordway, Colorado. Applicant, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Docket No.1, challenging his conviction and sentence in Criminal Case No. 08CR1866 from the District Court of Weld County, Colorado. On August 11, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

Respondents filed their Pre-Answer Response, Docket No. 8, on August 24, 2015. Applicant failed to submit a Reply within the time allowed.

Applicant raises seven claims.   The claims are as follows:

(1)   The trial court erroneously granted the prosecutor's challenge for cause and effectively provided the prosecution an additional peremptory challenge in violation of Applicant's constitutional right to due process, a fair trial, and an impartial jury;

(2)   The trial court allowed "pen packs" to be admitted as evidence to prove aggravating prior convictions, which violated Applicant's right to confrontation;

3)    The trial court committed reversible and structural error when it denied Applicant a jury trial regarding the habitual criminal counts and "second offense" counts in violation of the Sixth and Fourteenth Amendments;

4)    The ninety-six year sentence constitutes cruel and unusual punishment and is grossly disproportionate because none of Applicant's previous convictions are grave and serious;

5)    The trial court held a preliminary hearing six months after Applicant was arrested in violation of his right to due process;

6)    The trial court allowed a video that had a wrong date and time on it to be admitted as evidence in violation of Applicant's right to confrontation; and

7)    The trial court violated Applicant's constitutional rights when it did not dismiss the public defender based on ineffective assistance of counsel.

Docket No. 1 at 5-6 and 10.

**II.  ANALYSIS**

The Court must construe the Application liberally because Applicant is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

2

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

Respondents concede the action is timely and Claims Four and Five are exhausted. Respondents, however, contend that (1) Claims One and Three are not cognizable in a federal habeas action; (2) Claim Two is unexhausted; and (3) Claims Six and Seven are procedurally defaulted and, therefore, these claims are barred from federal habeas review.

### A. Noncognizable Claims

#### 1. *Claim One*

In this claim, Applicant asserts that his rights to a fair trial, due process, and an impartial jury were violated when the trial court granted the prosecution's challenge for cause and, in doing so, allowed the prosecution an additional peremptory challenge to the prosecution. Docket No. 1 at 5.

Respondents argue that Applicant does not allege, and never has alleged in any state court proceeding, that a biased juror sat on the jury in his criminal trial. Docket No. 8, at 6. Respondents assert Applicant's claim in state court was that "[e]rroneously granting a challenge for cause [had] the effect of granting one side an additional peremptory challenge." *Id.* (citing Docket No. 8-4, Ex. D, at 12).

The Sixth and Fourteenth Amendments to the United States Constitution guarantee a defendant the right to an impartial jury. See *Ross v. Oklahoma*, 487 U.S. 81, 85 (1988); *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). If a "juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his

instructions and his oath," the juror should be dismissed for cause.  *Wainwright v. Witt*, 469 U.S. 412, 424 (1985) (internal quotation marks omitted), *see also United States v. Scull*, 321 F.3d 1270, 1278 (10th Cir. 2003).  However, in deciding whether the jury was impartial, the Court focuses on the jurors who ultimately deliberated and decided Applicant's fate.  *See Ross*, 487 U.S. at 86.

"[T]here is no freestanding constitutional right to peremptory challenges."  *Rivera v. Illinois*, 556 U.S. 148, 157 (2009) (citing *Martinez-Salazar*, 528 U.S. 304, 311 (2000)).  The U.S. Supreme Court has characterized peremptory challenges as "a creature of statute," *Ross*, 487 U.S. at 89, and has made clear that a state may decline to offer them at all.  *Georgia v. McCollum*, 505 U.S. 42, 57 (1992).  A peremptory challenge is a benefit "beyond the minimum requirements of fair [jury] selection."  *Frazier v. United States*, 335 U.S. 497, 506 (1948).  The states, therefore, retain discretion to "determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise."  *Ross*, 487 U.S., at 89.

Applicant does not challenge the partiality of the jurors who ultimately deliberated and decided his case.  His claim clearly challenges the trial court's manner in which it exercised its discretion to determine the number of peremptory challenges allowed to each party.  Claim One therefore does not state a violation of Applicant's federal constitutional rights and will be dismissed as noncognizable in a federal habeas action.

### 2. Claim Three

In Claim Three, Applicant asserts that he was denied a jury trial on the habitual criminal counts and "second offense" counts in violation of his Sixth and Fourteenth Amendment rights. Docket No. 1 at 6.

Respondents argue that, because there is no federal constitutional right to have a jury determine habitual criminal charges, Claim Three fails to invoke the jurisdiction of this Court. Docket No. 8 at 7.

In *Almendarez-Torres*, the United States Supreme Court held that a prior felony offense was a "sentencing factor" and not a separate criminal offense that needed to be proven by a jury. *Almendarez-Torres v. United States*, 523 U.S. 224, 246-47 (1997). Subsequently, in *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000), the Court held that the Sixth Amendment requires any fact increasing a sentence beyond the statutory maximum to be submitted to a jury and proved beyond a reasonable doubt, but the Court excepted from the rule the fact of a prior conviction, thereby leaving *Almendarez-Torres* intact.

The Tenth Circuit consistently has held that the *Almendarez-Torres* exception remains good law. *See United States v. Contreras-Vieras*, 390 F. App'x 831, 833 (10th Cir. 2010) (unpublished) (the court was bound by existing precedent in *Almendarez-Torres* exception); *United States v. Moore*, 401 F.3d 1220, 1223-24 (10th Cir. 2005); *see also United States v. Delacruz-Soto*, 414 F.3d 1158, 1164 n. 2 (10th Cir. 2005) (noting that *Almendarez-Torres* forecloses argument that a jury, not the sentencing court, must find that defendant had prior convictions). Even though the recidivism

5

exception announced in *Almendarez-Torres* has been eroded, the Supreme Court has not overruled the exception.  See *Moore*, 401 F.3d at 1224.

Because there is no federal constitutional right to a jury determination regarding habitual criminal charges, Claim Three will be dismissed as noncognizable in a federal habeas action.

### B.   Exhaustion/Colo. App. R. 51.1(a)/Claim Two

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).   The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  See *Castille v. People*, 489 U.S. 346, 351 (1989).   Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).   Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).   A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.   See *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."   *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).   A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.   See *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

To exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available.   See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).   Colorado law provides that

> [i]n all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.   Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a).

In his concurring opinion in *O'Sullivan*, Justice Souter provides an example of when state supreme court review is unavailable.   *O'Sullivan*, 526 U.S. at 849.   The language Justice Souter quotes is taken from a South Carolina Supreme Court decision in *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (1990), and mirrors the language in Colorado Appellate Rule 51.1 in stating a

litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the court of appeals in order to have exhausted all available state remedies respecting a claim of error.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. See *O'Sullivan*, 526 U.S. at 845. However, "nothing in the exhaustion doctrine requir[es] federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48 (citation and internal quotations omitted). If a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

Furthermore, four circuit courts have concluded that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. See *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

The Court is not persuaded by Respondents' arguments to the contrary and does not find the Tenth Circuit's comments in *Prendergast v. Clements*, 699 F.3d 1182, 1184 n.2 (10th Cir. 2012), nor the exhaustion discussion in *Vreeland v. Davis*, 543 F. App'x 739 (10th Cir. 2013) (unpublished) (finding failure to exhaust where prisoner's certiorari petition to Colorado Supreme Court was pending), dispositive for finding that habeas

applicants must present federal claims to the Colorado Supreme Court.  Neither *Brown v. Shanks*, 185 F.3d 1122 (10th Cir. 1999) (applicant had appealed a habeas petition to the New Mexico Supreme but failed to include a claim; no analogy to Colo. App. R. 51.1(a)), nor *Valenzuela v. Silversmith*, 699 F.3d 1199 (10th Cir. 2012) (tribal exhaustion rule provides that absent exceptional circumstances federal courts typically should abstain from hearing cases until trial court remedies, including appellate review, are exhausted), address a rule similar to Colo. App. R. 51.1(a).

The Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals (CCA).   Claim Two, therefore, is exhausted.

### C.   Procedural Default/Federal Habeas Bar

#### *1.  Claim Six*

In Claim Six, Applicant asserts that the trial court violated his constitutional right to confrontation when the court allowed a video tape that had an erroneous date and time on it to be admitted as evidence.   Docket No. 1 at 10.

Respondents argue that this claim is procedurally barred.   Docket No. 8 at 18. Respondents contend that the CCA declined to consider the claim because Applicant "did not rely on [it] in his motion."   *Id.* at 17 (citing Docket No. 8-12, Ex. L, at 8-9).

In the Motion for Post Conviction Remedy that Applicant filed on April 4, 2013 in the Weld County District Court, he identified the video claim as follows:

> (1) Violation of my State and Federal rights to due process and after trial U.S. Constitutional Amendments 5 and 14, by the prosecutor improperly breaking chain of custody by

>> presenting evidence from a video 8 years prior to crime in question.

Docket No. 8-2, Ex. B.

In addressing the video tape claim on appeal, the CCA found as follows.

> ### B. Videotape
>
> Defendant claims that the trial court violated his constitutional rights in connection with the prosecution's admission of a videotape. We disagree.
>
> In his motion, defendant stated that "the prosecutor improperly [broke the] chain of custody by presenting evidence from a video 8 years prior to [the] crime in question." Defendant gave no additional details concerning this claim.
>
> As an initial matter, it appears that this claim could have been presented on direct appeal, and is therefore procedurally barred as successive under Crim. P. 35(c)(3)(VII). *See People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010).
>
> Further, in its order, the trial court found that the only video introduced at trial depicted events related to the offense defendant was convicted of, and not events that occurred eight years prior to the crime. The court also found that a proper foundation was laid for the video's authenticity and accuracy. The court concluded that defendant had not articulated why or how this video caused him prejudice, and that his factual allegations were directly refuted by the record. The court denied the claim on that basis. *See Ardolino*, 69 P.3d at 77.
>
> On appeal, defendant argues that his constitutional rights were violated because the videotape had an incorrect date stamp. He also appears to contend that his counsel was ineffective for failing to file a motion to suppress the videotape. We decline to consider the assertions because defendant did not rely on them in his motion. *See People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (rejecting a

> defendant's attempt to use his appellate brief to fortify issues
> inadequately raised or supported in his motion) . . . .

*People of the State of Colo. v. Manzanares*, No. 13CA1029, 3-5 (Colo. App. Nov. 13, 2014); Docket No. 8-11, Ex. K, at 4-6.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998); *see also Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (quoting *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998)). "For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *Hickman*, 160 F.3d at 1259 (citations and internal quotations omitted). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

"Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion." *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996); *see also People v. Goldman*, 923 P.2d 374, 275 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review."). The basis for denying a claim in *DePineda* and in *Goldman* is fully

11

independent from the federal law that governs Applicant's constitutional claims, and there is no reason to doubt the CCA applies this rule evenhandedly.

Furthermore, with limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar Applicant from raising a claim in a postconviction motion that could have been raised on direct appeal or that was already raised on postconviction appeal.   See Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (postconviction review is not available to address previously raised issues under a recently contrived constitutional theory).

If it is obvious that an unexhausted claim would be procedurally barred in state court, the claim is subject to an anticipatory procedural bar, *see Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (citation omitted), and is procedurally barred from federal habeas review.   *Steele v. Young*, 11 F.3d 1518,1524 (10th Cir. 1993) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Applicant could have asserted the video tape claim on direct appeal, but he did not.   This claim, therefore, is also subject to an anticipatory procedural bar pursuant to Colo. R. Crim. P. 35(c)(3)(VII).

A federal court, however, may proceed to the merits of a procedurally defaulted habeas claim if the applicant establishes either cause for default and actual prejudice or

fundamental miscarriage of justice when the merits of a claim are not reached. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). Applicant's *pro se* status does not exempt him from these requirements. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at 1319.

Applicant does not assert in the Application a cause for the default and actual prejudice or failure as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Applicant also was given the opportunity to reply and provide any information to overcome any procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice, but he failed to do so. Claim Six, therefore, will be dismissed as procedurally defaulted and barred from federal habeas review.

### 2. Claim Seven

In this claim, Applicant asserts that the trial court violated his constitutional right to dismiss a public defender as ineffective. Docket No. 1 at 10.

Respondents argue that this claim, like Claim Six, is procedurally defaulted. Docket No. 8 at 19.

In the Motion for Post Conviction Remedy that Applicant filed in Weld County District Court on April 4, 2013, he simply stated, "(2) Ineffective Assistance of Counsel *See Strickland v. Washington.*"   Docket No. 8-2.

In addressing the ineffective assistance of counsel claim, the CCA found as follows.

> C. Ineffective Assistance of Counsel
>
> Defendant next contends that the court erred in denying his claim that his constitutional right to effective assistance of counsel was violated.   We disagree.
>
> In his motion, defendant listed "ineffective assistance of counsel" as his second contention.   Because defendant provided no factual allegations for this claim, the court denied his assertion on the basis that he had not alleged facts that, if true, would support his claim.   *See People v. Simpson*, 93 P.3d 551, 555 (Colo. App. 2003) (court cannot consider a bald legal proposition presented without factual development).   The court appropriately denied this claim.
>
> Further, we will not address defendant's contention, raised for the first time on appeal, that the court erred in denying his pretrial request to dismiss defense counsel.   *See Rodriguez*, 914 P.2d at 251.

*Manzanares*, No. 13CA1029 at 5-6; Docket No. 8-11 at 6-7.

Based on the Court's legal analysis in Claim Six, and Applicant's failure to provide any information to overcome any procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice, the Court finds Claim Seven is

14

procedurally defaulted and barred from federal habeas review.   This claim, therefore, will be dismissed.

### III.   CONCLUSION

Accordingly, it is

**ORDERED** that Claims One and Three are dismissed with prejudice as not cognizable in a federal habeas action.   It is further

**ORDERED** that Claims Six and Seven are dismissed with prejudice as procedurally defaulted in state court and barred from federal habeas review.   It is further

**ORDERED** that Claim Two is exhausted contrary to Respondents' Colo. App. R. 51.1(a) argument.   It is further

**ORDERED** that, within thirty days of the date of this Order, Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims Two, Four, and Five.   It is further

**ORDERED** that, within thirty days of the filing of an answer, Applicant may file a reply if he desires.   It is further

**ORDERED** that, within thirty days from the date of this Order, the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Weld County District Court case number 08CR1866, including all documents in the state court file and transcripts of all proceedings conducted in the state court, including physical evidence that is relevant to the asserted claims.   It is further

**ORDERED** that the Clerk of the Court is directed to send copies of this Order to the following:

(1) Clerk of the Court
 Weld County District Court
 915 10th Street
 P.O. Box 2038 (80632)
 Greeley, CO 80631; and

(2) Court Services Manager
 State Court Administrator's Office
 101 W. Colfax, Ste. 500
 Denver, Colorado   80202.

DATED December 4, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge